J-A20036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AHMED M. ELAGAMY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOHA R. ELHALLAG | : | |
| | : | |
| Appellant | : | No. 607 EDA 2024 |

Appeal from the Order Entered January 31, 2024
In the Court of Common Pleas of Bucks County Civil Division at No(s):
A06-24-60110-A

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 19, 2024**

Appellant, Doha R. Elhallag ("Wife"), appeals *pro se* from the January 31, 2024 order entered in the Bucks County Court of Common Pleas that granted the Petition for Protection from Abuse ("PFA Petition") that Appellee, Ahmed M. Elagamy ("Husband"), filed against her.  Upon review, we dismiss this appeal due to the substantial defects in Wife's brief.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, Husband and Wife are estranged.  On January 22, 2024, Husband filed a PFA petition against Wife alleging that, since January of 2022, Wife had injured his hand, sent an email in English threatening to kill him, have him deported, and keep their son from him, and made similar threats on other occasions, in addition to sending him a text message in Arabic saying, "I will keep your soul," which he interpreted to mean, "I will kill you."  N.T. Trial, 1/31/24, at 16.  Wife also made phone calls to Husband's

workplaces, which she admitted in a text message, and went to one of his workplaces and kicked a door.

The court issued a temporary PFA order. The parties, both represented by counsel, proceeded to a PFA hearing on January 31, 2024. Husband testified in accordance with the above facts. Wife also testified, and admitted to sending the text message but denied the remaining allegations. Following the hearing, the court entered a final PFA order against Wife, which barred contact for 3 years and expires on January 31, 2027.

Wife filed a timely *pro se* appeal. Both Wife and the trial court complied with Pa.R.A.P. 1925.

In her brief, Wife asserts that she did not receive a fair hearing, she was not served properly, Husband's testimony was inconsistent, and the evidence was unreliable, including messages in Arabic translated via Google Translate. Wife's Br. at 3-11 (unpaginated). She also filed an appendix to her brief, which challenged the trial court's factual findings. Appendix at 1-7. However, the substantial defects in Wife's brief preclude meaningful appellate review.

Appellate briefs must materially conform to the requirements set forth in our Rules of Appellate Procedure, and we may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003).

"The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). *See also* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c); *see also Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding waiver where appellant failed to cite any pertinent authority to support his argument). As this Court has made clear, we "will not act as counsel[.]" *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

The substantial defects in Wife's brief preclude meaningful appellate review. Wife fails to include a Statement of Questions Involved or a Statement of the Case. *See* Pa.R.A.P. 2116; 2117. Furthermore, Wife's argument section is substantially underdeveloped—she fails to provide citation to any legal authority to support her arguments and, accordingly, fails to apply the

law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and caselaw. *See* Pa.R.A.P. 2119(a); ***B.D.G.***, 959 A.2d at 371–72. Accordingly, Wife's brief fatally impedes our review.[1] We, thus, dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2024

_____

[1] Even if Wife had not waived her claims, we would affirm the trial court's decision. The trial court properly addressed Wife's claims and we would adopt the trial court's reasoning as our own.